Robert W. Sloan, J.
Defendant moves for summary judgment pursuant to CPLR 3212.
The action is to recover damages arising from personal injuries received by the plaintiff Pauline Hamilton, when the automobile she was operating was struck by one owned and operated by the defendant. Defendant’s answer interposes the defense that the plaintiff’s exclusive remedy is her right to workmen’s compensation (Workmen’s Compensation Law, § 29, subd. 6).
From the pleadings and the examination of the plaintiff before trial it is established that the plaintiff Pauline Hamilton and the defendant were coemployees of McIntosh Laboratory, Inc., and that the automobiles collided while on the employer’s parking lot as the parties were leaving work. Thus, the plaintiff Pauline Hamilton and the defendant were acting in the course of their employment, and she may not maintain this action against her fellow employee (Malinka v. Mugavero, 27 A D 2d 691).
Plaintiff claims, however, that the defense has been waived by the defendant, because a representative of defendant’s liability carrier went to plaintiff’s home and gave her checks to cover repairs to her automobile ($145.45) and three days-’ lost pay ($54.15). 'She says that as a result of this needless act and other vague assurances given, she was duped into waiving her right to workmen’s compensation and now has lost her right to do so, and that she should now be permitted to proceed with a common-law action against her ooemployee. Plaintiff’s statements in this regard are wholly conclusory and not persuasive. However, even if it were found that her proof established a waiver or estoppel, she still must fail. Her difficulty is that under the circumstances the accident and injury complained of never gave rise to a common-law cause of action against the defendant, and against him she is without a remedy. When the defense that workmen’s compensation is a plaintiff’s sole remedy is established, either on motion or on trial, a plaintiff’s complaint must be dismissed not only because subdivision 6 of section 29 of the Workmen’s Compensation Law provides the plaintiff’s exclusive remedy but, because of the statute, this court does not have jurisdiction of the subject matter of the action (Carrillo v. Greenpoint Term. Warehouse, 33 A D 2d *870 909; Morris v. Luck, 28 Misc 2d 831). Such was the basis of the decision in Chadwick v. Clark (19 A D 2d 679).
David D. Siegel, in his commentary to CPLR 3211 (McKinney’s Cons. Laws of N. Y., Book 9B, CPLR 3211.11, p. 17, Lack of Subject Matter Jurisdiction) says that subject matter jurisdiction cannot be conferred by consent or stipulation or waiver or estoppel, and, of course, this is true (Revona Realty Corp. v. Wasserman, 4 A D 2d 444, app. dsmd. 5 N Y 2d 931; Lang v. Merchants Mut. Cas. Co., 203 Misc. 258, and cases cited; Ruggiero v. Faulkner, 31 A D 2d 639; 21 N. Y. Jur., Estoppel, Ratification, and Waiver, § 92; 1 Carmody-Wait 2d, New York Practice, § 2:80).
There being no triable issue of fact, defendant is granted summary judgment dismissing the complaint on the merits.