Milton Alpebt, J.
Claimant filed a claim alleging damages as the result of the refusal of the State of New York, acting through the Education Department, to award claimant a scholarship. Claimant alleges that he had qualified for a scholarship of the type awarded by the State of New York through the Board of Regents and the Education Department. The scholarship is commonly referred to as a “Regents Scholarship ” and is awarded on the basis of an examination conducted by the Education Department in the fall of each year, and is for use in the furtherance of the recipient’s college education.
Claimant, upon graduation from high school, opted to matriculate at an institution of higher learning located outside the State of New York. As a result of this decision by the claimant, the Education Department advised claimant that the scholarship was unavailable to him pursuant to subdivision 5 of section 602 of the Education Law (par. b), which provides that a recipient: ‘ ‘ Must be matriculated in a program of study approved by the regents in an institution situated in the state, except that nothing in this subdivision shall preclude payment of an award to a recipient who receives instruction outside the state that is conducted by an institution situated in the state, and is part of the student’s program of study at such institution.”
Claimant, appearing pro se, has filed a claim seeking the value of the scholarship so denied, and damages for failure to receive such scholarship.
The claim, having arisen in the City of Albany where the Department of Education is located, has been noticed on the Albany district calendar of the Court of Claims pursuant to the Rules of the Court of Claims (22 NYCRR 1200.2). Claimant *116 has moved for a preference for the trial of the claim and for a change of venue to the New York district for the convenience of witnesses. The State of New York has cross-moved to dismiss the claim pursuant to subdivision (a) of GPLB 3211.
An orderly disposition of the three motions directs that the court first consider the State’s motion to dismiss, as consideration and disposition of claimant’s motions will depend on whether or not a cause of action against the State of New York is properly spelled out.
On the argument, claimant raised the question of the timeliness of defendant’s motion.
Claimant’s original notice of motion seeking a preference was sworn to on the 16th of May, 1972, served on the Attorney-General by mail on the 16th of May, 1972, and filed with the court on May 23, 1972. The motion was noticed by claimant for a term of the court in New York City on May 30, 1972. As the matter was required to be heard in Albany, the district of venue, the Clerk of the court advised the parties by mail on May 23, 1972 that the matter would appear on the Albany motion calendar for June 6,1972. The State’s cross motion to dismiss was dated May 24, 1972 and was noticed for the Albany motion calendar of June 6,1972. On June 6, by consent of the parties, the matter was further adjourned to June 20 in Albany. On June 20, the defendant served a copy of its memorandum of law on the claimant at the same time as it delivered the memorandum to the court.
A motion challenging the jurisdiction of the court may be made at any stage of the action and even upon trial (Cutting Room Appliances v. Finkelstein, 33 A D 2d 674). Affidavits in support of a motion to dismiss a claim are now permissible under the CPLR, but none are required as a motion to dismiss one or more causes of action may be made with or without supporting proof (6 Carmody-Wait, New York Practice, p. 360). The court finds that the motion by the State was timely and adequate.
The State of New York requires every minor between the age of 6 and 16 to attend full-time instruction (Education Law, § 3205), and under certain conditions, can require a minor up to the age of 18 to attend part-time instruction (Education Law, § 3206). Past such ages, compulsory education is not required and there is no obligation to provide higher or college education. However, the State does recognize the value of college education to its residents, and at great expense, provides facilities and scholarship aid for college education. The State of New York, in its sovereign capacity, and as an aid to furtherance of college *117 education- has established the Regents scholarship program. However, educational opportunity of the type involved here “is not a right essential to a person’s liberty, or freedom of movement, or the right to essentials of life such as food, clothing, equal employment opportunity and the like, the denials of which have been held to be unconstitutional ” (Friedler v. University of State of N. Y., 70 Misc 2d 416; 419). The scholarships are granted by sovereign grace, and not of right, and accordingly may be restricted in use so long as the same restrictions apply to all candidates for the scholarship.
Claimant has filed a claim seeking damages in excess of $100,-000 allegedly resulting from the failure of the Department of Education to grant him a scholarship. Claimant alleges that the statute restricts mobility and is discriminatory in its application and so is unconstitutional.
Claimant, in effect, is seeking a determination with respect to the constitutionality of the statute and a review of the action of the State through its officers and employees with regard to the implementation of the legislative directive. Proper procedure for such review and determination is by way of a Supreme Court action (Rock Hill Sewerage Disposal Corp. v. Town of Thompson, 27 A D 2d 626; cf. Friedler v. University of State of N. Y., supra), and not by way of a demand for damages in the Court of Claims. Money damages against the State of New York are granted by the Court of Claims in appropriate cases where jurisdiction is obtained and sovereign immunity has been waived.
The waiver of immunity provided by section 8 of the Court of Claims Act applies to the sovereign the same test of liability as would be applied to an individual or private corporation if it were obligated to discharge a governmental function (Gross v. State of N. Y., 33 A D 2d 868). There are large areas of sovereign activity, however, for which no liabilities accrue against the State or an officer of the State in the performance of official functions (Newiadony v. State of New York, 276 App. Div. 59, 61). The State’s waiver of immunity has never extended to redress individual wrongs which may have resulted from the exercise of judgment by an officer of the State in the performance of his duty (Gross v. State of New York, supra; Bernkrant v. State of New York, 26 A D 2d 964).
The certification of scholarship recipients for the Regents scholarships is a governmental function, and the State has not waived its immunity with respect to the exercise of this govern *118 mental function which is not ministerial in its performance, but which is of a quasi-judicial nature (Gross v. State of New York, supra). Sovereign immunity not having been Waived with respect to the instant form of complaint, the cross motion of the defendant to dismiss the claim is granted and the claim is dismissed.
Assuming, arguendo, that the court has jurisdiction to entertain the claim, the claim must still be dismissed as the statute challenged is a valid exercise of legislative authority and is not discriminatory. The instant case is quite analogous to the situation where a State provides a college education either tuition free or at a reduced charge for residents of the particular State while charging a higher rate for out-of-State residents. In such situations, the statutes and practices have been held to be valid legislative enactments. The regulations classifying students as residents or nonresidents for tuition purposes are not arbitrary or unreasonable and bear a rational limitation to the State’s objective and purpose of financing, operating and maintaining its many publicly-financed institutions of higher learning (Kirk v. Board of Regents of Univ. of Cal., 273 Cal. App. 2d 430, app. dsmd. 396 U. S. 554; Starns v. Malkerson, 326 F. Supp. 234, affd. 401 U. S. 985). Such tuition differential has repeatedly been held to be a reasonable classification, and a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it (McGowan v. Maryland, 366 U. S. 420). Nor does charging an out-of-State resident a higher tuition rate than an in-State resident act as a prohibition on travel among the States as argued by the claimant, a circumstance readily distinguishable from the public benefit or welfare cases cited and advanced by claimant in support of his mobility argument. Those cases are concerned with changing and establishing residency and are concerned with the right to essentials of life such as food, clothing and shelter.
The statutory requirement to have the Regents scholarship used at a college located within the State of New York is very analogous to the out-of-State tuition eases and is a valid legislative enactment.
By reason of the foregoing, the claim is dismissed. Disposition of Motions No. M-14553 and No. M-14565 is, accordingly, moot and they are dismissed for such reason.