■ In the Matter of RICHARD D. TAYLOR et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained personal income tax deficiencies for the years 1972 and 1973. Petitioners, husband and wife, lived in New York State until February 28, 1972, when they moved to Connecticut where they remained residents for the balance of the year and for all of 1973. Prior to 1972, while New York residents, they sold four parcels of real property located in Rockland County, on which they realized a long-term capital gain. The sales were made on an installment basis and petitioners reported the gain and paid the New York tax due thereon each year as the installment payments were received. As of January 1, 1972 the as yet unreported taxable gain was $96,648.14. In their 1972 resident and nonresident returns they included that portion of the sales price of the real property received by them with respect to each period. The taxable gain received in 1973 was also timely reported in their nonresident

income tax return for that year. After reviewing petitioners' returns, the Income Tax Bureau determined that the capital gain could not be reported on the installment basis as petitioners had failed to comply with section 654 (subd [c], par [4]) of the Tax Law. Accordingly, a notice of deficiency for 1972 was issued. Although a little less than half of the total interest income petitioners reported on their 1973 Federal income tax return represented interest obtained on promissory notes accepted by them on the sale of their New York property, their nonresident New York return reflected no interest income. The Income Tax Bureau, contending that petitioners were required to include interest income, business income and gain on the installment sale of New York real property in their New York adjusted gross income, issued a second notice of deficiency, this one for 1973. Following a formal hearing, at which petitioners appeared *pro se*, the State Tax Commission found that the unreported taxable gain of $96,648.14 had accrued in 1972 and was fully taxable then and that the interest income acquired by petitioners in 1973, which was derived from or connected with the sale of the New York property, was indeed includible in their New York adjusted gross income. The State Tax Commission concluded that to avoid the accrual which was mandated by section 654 (subd [c], par [1]) of the Tax Law and 20 NYCRR 148.10, petitioners were obligated to file a bond or other satisfactory security before changing their status from that of residents to nonresidents (Tax Law, § 654, subd [c], par [4]; 20 NYCRR 148.11). Had they followed this statutory procedure they would have been entitled to continue to report their gain on the installment basis. Apparently through ignorance or inadvertence they failed to do so. The State Tax Commission's construction on the relevant statutes being entirely reasonable, it must be upheld *(Matter of Prospect Dairy v Tully,* 53 AD2d 755). Since exemptions from the applicability of tax statutes are strictly construed against the taxpayer *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196), we are not at liberty to embrace petitioners' suggestion that they be permitted to waive the filing of security or allow it to be filed *nunc pro tunc.* The constitutional arguments advanced by petitioners are unpersuasive. By accruing the unreported gain entirely in 1972, respondent has not inflicted on nonresidents a higher tax rate than that imposed upon residents. It is only the amount taxed which is greater, not the tax rate. And that was a product of petitioners' own oversight. No arbitrary or discriminatory classification has been made between residents and residents who change their status during the tax year to nonresidents (cf. *Matter of Kritzik v Gallman,* 41 AD2d 994). With respect to the notice of deficiency directed at petitioners' 1973 return, the record discloses that petitioners' interest income derives from promissory notes, not a mortgage, and therefore is taxable pursuant to section 632 (subd [b], par [1], cl [A]) of the Tax Law. In their effort to insulate this income from taxation, petitioners rely on paragraph (2) of subdivision (b) thereof which taxes interest income only if it arises "from property employed in a business, trade, profession or occupation carried on in this state". Petitioners have not carried the burden of establishing that their interest income did not have its origins in such property. Determination confirmed, and petition dismissed, without costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.