In the Matter of EDWIN E. EPSTEIN et al., as Executors of MILDRED RAPOPORT, Deceased, et al., Appellants, v STATE TAX COMMISSION, Respondent.

Third Department, November 4, 1982

APPEARANCES OF COUNSEL

*Parker, Chapin, Flattau & Klimpl* (*Howard S. Denburg* of counsel), for petitioners.

*Robert Abrams, Attorney General* (*Wayne L. Benjamin* and *William J. Kogan* of counsel), for respondent.

OPINION OF THE COURT

LEVINE, J.

The deceased taxpayers, George and Mildred Rapoport, were legal residents of the State of Florida during the taxable years in question. In 1969, they sold an apartment building consisting of 140 units located in Flushing, New York, and took back a purchase-money second mortgage for the unpaid balance of the purchase price. The mortgage note provided for interest at the rate of 6% per annum and quarterly payments of principal and interest commencing September 1, 1969, and ending June 1, 1984. To the extent

that principal payments on the mortgage installments represented gain on the sale of the property, they were reported as nonresident New York State personal income. The taxpayers, however, did not report the interest portion of the mortgage payments as New York income. Deficiency notices were issued by the Department of Taxation and Finance based upon the failure to report the interest income, and when respondent State Tax Commission sustained the notices of deficiency, petitioners brought the instant CPLR article 78 proceeding to review the commission's determination. This appeal is from Special Term's dismissal of their petition.

Since the question presented on this appeal is squarely whether income of a nonresident consisting of interest on the unpaid balance of a purchase-money mortgage note constitutes New York taxable income, i.e., "whether property, income, a transaction or event is subject to taxation" (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 196), the commission's determination must find its justification in unambiguous statutory language imposing the tax. " 'The government takes nothing except what is given by the clear import of the words used, and a well-founded doubt as to the meaning of the act defeats the tax' " (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 196, *supra,* citing *Matter of Voorhees v Bates,* 308 NY 184, 188). The commission properly determined that the only applicable statutory provision is section 632 (subd [b], par [2]) of the Tax Law, which provides that "[i]ncome from intangible personal property, including * * * interest * * * shall constitute income derived from New York sources only to the extent that such income is from property employed in a business, trade, profession, or occupation carried on in this state." Clearly, the property which the statute requires to be employed in a business, trade, profession, or occupation carried on in this State is the very same intangible personal property, earlier referred to in the section, from which the income is derived. Just as clearly in the instant case, the income-producing intangible personal property is the mortgage note, upon which the interest was paid, and not the real estate apartment building covered by the mortgage, even though oper-

ation of that real property may be the ultimate source of payment. This is the only reasonable way to read the statute and is confirmed by the example, set forth in the commission's applicable regulation (20 NYCRR 131.5), of a nonresident stockholder-employee of a business corporation, in which a distinction is made between income from his salary earned in the corporation's New York store (which is taxable) and income from dividends on his shares of stock (which is not taxable). Since there is neither a finding by the commission nor a serious contention that the mortgage note was ever itself employed in a business, trade, etc., carried on in New York State, the commission has failed to demonstrate that income from the note falls within the meaning of the statute. That the mortgage note itself arose out of the sale of New York real property is no more relevant, on the issue of the taxability of interest income on the note, than that the dividends in the example given in the commission's regulation were payable from corporate New York earnings. Moreover, we have previously construed the statutory reference to property in section 632 (subd [b], par [2]) to refer to the taxpayer's property (*Matter of Linsley v Gallman,* 38 AD2d 367, 369, affd 33 NY2d 863). It is irrefutable that for the taxable years in question, the taxpayers here had totally divested themselves of any ownership interest in the apartment building. Accordingly, we need not reach the issue, raised in both petitioners' and respondent's briefs, of whether the operation of a multiunit apartment building constitutes a business for purposes of that provision of that section.

*Matter of Taylor v State Tax Comm.* (83 AD2d 703), relied upon by the commission, involved the provision of the Tax Law dealing with nonresident income from ownership of an interest in real property in New York (Tax Law, § 632, subd [b], par [1], cl [A]), where the taxpayer derived income from an installment sale of real property in this State. Our decision in *Taylor* expressly points out that the transaction did not involve income derived from a mortgage, as is the situation here. Therefore, *Taylor* is readily distinguishable, and its holding is limited to the facts therein presented and the Tax Law section therein construed.

Since the commission has failed to demonstrate a statutory basis for the imposition of the tax, Special Term's dismissal of the petition should be reversed, on the law, with costs, the determination annulled, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

SWEENEY, J. P., KANE, CASEY and WEISS, JJ., concur.

Judgment reversed, on the law, with costs, determination annulled, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.