OPINION OF THE COURT
Vincent G. Bradley, J.
Petitioners bring this CPLR article 78 proceeding seeking to annul a determination of the New York State Tax Commission dated October 12, 1982, which denied their application for a redetermination of a deficiency or for a refund of unincorporated business tax under article 23 of the Tax Law for the years 1972, 1973 and 1974, and which sustained the deficiency by the commission issued on April 12, 1976.
The pertinent facts are stipulated. On July 27, 1956 to May 15, 1970, the petitioners conducted business as a partnership under the name of “Buffalo Hockey Club”. On or about May 15, 1970, the petitioners sold all of their rights, title and interest in the business to the Niagara Frontier Hockey Corporation for the sum of $1,200,000. A portion of the purchase price in the amount of $300,000 was paid in advance of the closing on May 13,1970, and the balance of $900,000 was paid by delivery of a promissory note in the aggregate sum of $900,000 bearing interest at 4% per annum. During each of the years 1972, 1973 and 1974, the petitioner Ruben Pastor received the sum of $18,000 per annum as interest, on the promissory notes *765 held by him and the petitioners Samuel Pastor and Abraham Pastor received $9,000 per annum as interest on the promissory notes held by each of them. All of the promissory notes followed the same format.
The State Tax Commission found that the interest on the notes should be included in computing the Buffalo Hockey Club’s unincorporated business gross income for 1972, 1973 and 1974, within the meaning of intent of subdivision (a) of section 705 of the Tax Law. The petitioners assert that the interest was not subject to unincorporated business tax because at the time it was received the Buffalo Hockey Club had already been liquidated within the meaning of the Tax Law.
The court finds petitioners’ position is without merit. The liquidation of the partnership was continuing by virtue of the terms of the installment sale. The Tax Commission noted that the capital gain on the sale of the business had not been fully taxed for unincorporated business tax purposes because of said installment sale. The promissory notes remained assets of the partnership and, thus, it could not be said that the winding up of all partnership affairs was completed thereby terminating the partnership (see Partnership Law, § 61; also see Rossmoore v Commissioner of Internal Revenue, 76 F2d 520). The partnership, not the petitioners individually, sold the assets of the hockey club. The burden is plainly upon the petitioners to show that they are clearly exempt from moneys otherwise subject to taxation (Matter of Marshall v State Tax Comm., 62 AD2d 1124; Matter of Grace v New York State Tax Comm., 37 NY2d 193), and here petitioners have failed to meet such a burden (Matter of Liberman v Gallman, 41 NY2d 774). It appears to the court that the petitioners’ arguments are more semantical than substantive when compared with the facts of the case. The court also finds the petitioners’ other contentions to be without merit.
Accordingly, the petition is dismissed in all respects.