■ In the Matter of WILLIAM KATZ et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Yesawich, Jr., J. ■

Prior to January of 1972, William Katz, a New York resident, and Hyman Gilinsky were partners. The sole asset of their partnership was a parcel of real property located in the City of

_____

Binghamton and leased to an automobile dealership. Katz's spouse, in partnership with Yetta and Stanley Gilinsky, owned a separate parcel of property, also located in Binghamton and leased to another automobile dealership. Late in 1971, the Katzs, petitioners herein, sold their respective interests in the properties to the remaining partners, in exchange for which petitioners received payment on an installment basis evidenced by unsecured notes amortized over 15 years at a 7% rate of interest. Thereafter, in 1972, petitioners became residents of Florida.

The only issue presented in this proceeding is whether for the tax years involved, 1972 through 1975, interest income from the installment sale was taxable to them as nonresident personal income.

Respondent contends that the interest income from the unsecured notes is taxable pursuant to Tax Law § 632 (b), which provides, in relevant part:

"(1) Items of income, gain, loss and deduction derived from or connected with New York sources shall be those attributable to:

"(A) the ownership of any interest in real or tangible personal property in this state".

Petitioners maintain that the provision of the Tax Law applicable to their circumstances is § 632 (b) (2), which excludes from taxation a nonresident's income from intangible personal property, including interest, unless "such income is from property employed in a business, trade, profession, or occupation carried on in this state". Our most recent decisions lend force to petitioners' argument.

In *Matter of Delmhorst v State Tax Commn.* (92 AD2d 981, *affd* 60 NY2d 628), this court, construing these precise provisions, distinguished between income-producing intangible personal property, represented by the notes upon which the interest is paid, and the underlying real or tangible personal property covered by such notes. Since here, as in *Delmhorst,* there is no contention that the unsecured notes themselves were ever used in a New York trade or business (*see also, Matter of Epstein v State Tax Commn.,* 89 AD2d 256, 258), respondent's determination assessing additional taxes against petitioners based on interest income from these installment notes must be annulled. Whatever vitality *Matter of Taylor v State Tax Commn.* (83 AD2d 703), relied upon by respondent, may have had in this area of the tax law in the past has been effectively dissipated by *Delmhorst.*

Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsis-

tent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.