■ In the Matter of REUBEN PASTOR et al., Partners Doing Business as BUFFALO HOCKEY CLUB, Appellants, v STATE TAX COMMISSION, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Bradley, J.), entered February 23, 1984 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining an

unincorporated business tax assessment imposed under Tax law article 23[1] for the years 1972, 1973 and 1974.

Petitioners owned the "Buffalo Hockey Club", which they operated as a partnership for 14 years. In 1970, they sold all of their right, title and interest in and to the business for $1,200,000, receiving $300,000 in cash and the balance in a series of promissory notes aggregating $900,000, bearing interest at 4% per annum. Respondent, relying solely upon Tax Law § 705 (a), determined that the interest received on the notes in the years 1972, 1973 and 1974 constituted partnership income and assessed unincorporated business tax upon such receipts. Special Term dismissed petitioners' CPLR article 78 proceeding to review the determination, giving rise to this appeal.

The facts were stipulated and the sole issue is whether interest paid upon the promissory notes given to petitioners as part payment for the sale of their unincorporated business is properly includable as income from such business under Tax Law § 705 (a). For the reasons which follow, we think not and, accordingly, reverse Special Term and annul respondent's determination.

Central to respondent's determination is its holding that petitioners' unincorporated business remained in liquidation during the years in question. Respondent concluded, and Special Term agreed, that liquidation of the partnership was continuing since the capital gain on the sale of the business had not been fully taxed because of the installment sale. In other words, because the notes which were given in payment for the partnership assets postponed the commencement of payment of the principal indebtedness until 1977, respondent found that liquidation of the unincorporated business was still in progress and continuing.[2] Further, respondent contends that since the gain clearly resulted from the sale of property employed in the business, it falls squarely within the definition of unincorporated business gross income found in the statute.[3]

It is clear that there can be no liability for unincorporated

---

1. Tax Law article 23, including §§ 703 and 705, was repealed effective December 31, 1982 (L 1978, ch 69, § 7). However, it remained in effect for taxes accrued up until that date.

2. Tax Law § 703 (a) defines an unincorporated business as "any trade [or] business * * * engaged in or being liquidated * * * including a partnership * * * in liquidation".

3. Tax Law § 705 (a) defines unincorporated business gross income as including "items of income and gain of the business, of whatever kind and

business tax pursuant to Tax Law article 23 after the business has been liquidated *(Matter of Fishel v State Tax Commn.,* 48 AD2d 381, *affd* 39 NY2d 816; *Matter of Leyendecker v State Tax Commn.,* 11 AD2d 747, *affd* 9 NY2d 707). It is conceded that the only activity even remotely related to the former business was the collection of the interest on the notes given as part payment for the sale of the "Buffalo Hockey Club". Respondent's contention, that liquidation continues until the capital gains tax due on the notes is paid, is unpersuasive. Partnership Law § 61, which provides that liquidation upon dissolution continues until winding up of partnership affairs is completed, refers to continuation of partners' liability for debts of the partnership. The statute does not prolong the life of an otherwise unviable entity until all contingent tax liabilities are fulfilled, nor does it require continuation of the business life of that entity for such purpose.

Respondent's reliance upon *Heiner v Mellon* (304 US 271), *Baker Commodities v Commissioner of Internal Revenue* (415 F2d 519, *cert denied* 397 US 988) and *Rossmoore v Commissioner of Internal Revenue* (76 F2d 520) is misplaced. In each, very definite business activities occurred subsequent to the alleged date of partnership termination and significant earnings or profits resulted from continuation of such business, subjecting that income to tax liability. The situation at bar is much different from those cases and much more akin to the facts in *Matter of Fishel v State Tax Commn. (supra)* and *Matter of Leyendecker v State Tax Commn. (supra).* The only vestige of activity was the receipt of interest by the former partners upon notes which were payable to and held by each in his individual capacity, and not the "Buffalo Hockey Club". The scenario is somewhat analogous to the decisions of this court in cases involving personal income tax liability of nonresident taxpayers for interest received on promissory and mortgage notes representing balances due upon the sale of New York personal and real property. We have held that interest on such notes which had not been used in the conduct of a business was not includable for income tax purposes *(see, Matter of Katz v State Tax Commn.,* 110 AD2d 1029; *Matter of Delmhorst v State Tax Commn.,* 92 AD2d 981, *affd* 60 NY2d 628; *Matter of Epstein v State Tax Commn.,* 89 AD2d 256). In conclusion, since petitioners' partnership was liquidated for purposes of Tax Law § 705 at the time of the 1970 sale of the

in whatever form paid * * * including income and gain from any property employed in the business, or from liquidation of the business".

business, interest received on the promissory notes is not taxable as unincorporated business income.

Judgment reversed, on the law, with costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur. [122 Misc 2d 764.]