OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and defendant’s motion for summary judgment denied.
*441 Plaintiff, a repair shop, sued to recover from defendant insurer in connection with its repair of the car owned by defendant’s insured, Stephen Rahilly, whose policy included collision insurance coverage. Plaintiff contested the propriety of defendant’s allowance of only $30 as the hourly rate for repair services instead of the $40 rate set forth in plaintiff’s bill to Rahilly, resulting in a shortfall of $565. Defendant moved for summary judgment on the ground that, inter alla, plaintiff had no standing to sue and that since Rahilly’s assignment to plaintiff was executed after Rahilly unequivocally accepted defendant’s settlement checks (albeit without the precedent of a general release) there had been an accord and satisfaction.
The court below granted summary judgment on the ground that Insurance Law § 2601 and 11 NYCRR part 216 which set standards by which insurers are to process claims afford public right of redress by the Department of Insurance but do not create private rights of action. We disagree. Such is indeed the rule where a party seeks damages that are punitive in nature, but not where the party seeks no more than compensatory damages (see, Roldan v Allstate Ins. Co., 149 AD2d 20, 43; Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71, 79).
11 NYCRR 216.6 (g) states in relevant part: "No insurer shall issue a check or draft in payment of a first-party claim or any element thereof, arising under [a] policy subject to this Part, that contains any language or provision that expressly or impliedly states [an] acceptance of such check or draft shall constitute a final settlement or a release of any [and] all future obligations arising out of the loss” (italics supplied). The checks issued to Rahilly did not include the forbidden provision although the accompanying letter implied it.
In our view a fair reading of the regulation negates the claim that Rahilly’s uncomplained acceptance of defendant’s checks created an accord and satisfaction. Although the regulation only prohibits provisions in an insurer’s first-party claim check that acceptance constitutes a final settlement, the rationale is the substantive determination by the Department of Insurance that such payments shall not bar claims that more is due.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.