OPINION OF THE COURT
Mark D. Zuckerman, J.
This decision after trial hinges on the nature and scope of the Commercial Small Claims Part of the Suffolk County District Court (UDCA art 18-A).
*169 I
Stephen Rahilly owned a 1981 Pontiac Trans Am automobile and it was insured for property damage by the defendant Liberty Mutual Insurance Company. Rahilly’s automobile was involved in a collision on June 27, 1990, and he brought the automobile to plaintiff, Dunrite Auto Body and Motors, Inc., for repairs. Rahilly duly executed an authorization to repair form and a designated representative form appointing plaintiff to act and negotiate on his behalf (11 NYCRR 216.7 [a] [2]).
On or about June 28, 1990, an automobile appraiser assigned by the defendant to handle the claim appeared at plaintiff’s repair shop to appraise the damage to Rahilly’s automobile. Plaintiff determined that the cost to restore Rahilly’s automobile to its preaccident condition would be $1,781.11. Defendant’s appraiser estimated that the reasonable and necessary cost to repair to be $1,020.07. Plaintiff’s president telephoned defendant and requested a second appraisal. Another appraiser then appeared at plaintiff’s auto body shop and reinspected Rahilly’s automobile. His estimate was $1,215.99, some $565.12 less than plaintiffs figure.
Subsequently, plaintiff and Rahilly agreed that plaintiff would repair the automobile for the second estimate offered by the defendant and Rahilly would assign his claim of $565.12 to plaintiff.
II
Defendant issued two checks to Rahilly totalling $1,015.99 (the second estimate of $1,215.99 less the $200 deductible). Rahilly cashed both checks without placing thereon any kind of restrictive endorsement. On the other hand, defendant did not enclose a general release with the two checks. Defendant pursued and recovered reimbursement from the other driver’s insurance company in the sum of $1,215.99 and then it paid Rahilly the $200 deductible that was previously withheld. Thereafter, defendant moved for summary judgment dismissing this commercial small claims action based upon accord and satisfaction of Rahilly’s claim under the insurance policy prior to the assignment. Another Judge of this court granted the motion and plaintiff appealed. The Appellate Term reversed and remanded the case for trial finding that there was no accord and satisfaction. (Dunrite Auto Body & Motor Works v Liberty Mut. Ins. Co., 153 Misc 2d 440.)
*170 III
Plaintiff sues in the Commercial Small Claims Part of the District Court for the sum of $565.12, representing the difference between plaintiff’s cost of repairing Rahilly’s automobile and defendant’s estimate of the cost of repair. The lawsuit centered on plaintiff’s contest of the propriety of defendant’s allowance of only $30 as the hourly rate for repair services instead of the $40 hourly rate as set forth in the plaintiff’s bill to Rahilly. The difference in the hourly rate resulted in a shortfall of $565.12. Plaintiff contends that its labor rate is fair and reasonable in relation to the geographic area in which plaintiff’s repair shop is located. Defendant contends that it established a $30 hourly rate and that other shops have accepted that rate.
This action was tried over five days and eight witnesses testified. The parties stipulated that the cost of transcripts should abide the outcome of the trial and that both parties would submit posttrial memoranda.
Plaintiff claims that payment of the lower hourly rate by defendant is an unfair settlement practice (Unfair Claims Settlement Practices and Claim Cost Control Measures [11 NYCRR] part 216). Defendant raises multiple defenses. It claims that the assignment from Rahilly to plaintiff is invalid because it violates a provision of the insurance policy which does not permit assignments without the insured’s written consent (no consent was given); the assignment was illegal because it violates Judiciary Law § 489, which prohibits champerty; and that the $30 hourly rate is a fair and reasonable amount to repair or replace property (11 NYCRR 216.6). Finally, defendant claims that, assuming that the assignment was permissible, the court lacks subject matter jurisdiction.
Defendant’s last defense must be resolved before any other defense can be considered because a finding that the court lacks subject matter jurisdiction precludes the court from resolving any other defense.
A defense that the court lacks subject matter jurisdiction may be raised at any stage of the proceeding (Lacks v Lacks, 41 NY2d 71, rearg denied 41 NY2d 862; Spatt v State of New York, 76 Misc 2d 114) and it cannot be conferred on the court by consent, stipulation, waiver or estoppel (Hamilton v Bendick, 63 Misc 2d 868).
IV
Prior to 1989 any cause of action for money only not in excess of a certain limited dollar amount exclusive of interest *171 and costs would be brought in the Small Claims Part of the District Court (UDCA art 18; note — the original small claims jurisdiction under the 1963 Uniform District Court Act was $300 [L 1963, ch 565] and was increased five times to its present $2,000 in 1987 [L 1987, ch 254]). In addition to the monetary jurisdiction, small claims actions were further limited, in that "[n]o corporation, except a municipal corporation * * * and no assignees of any small claim shall institute an action or proceeding under this article” (UDCA 1809 [1]).
Then in 1987, the Legislature enacted an additional Small Claims Part styled "Commercial Claims” for corporations, partnerships or associations (UDCA art 18-A; L 1987, ch 653, eff Jan. 1, 1989). The Memorandum from the Office of Court Administration which accompanied the bill states, inter alia, "[this part] would operate just as small claims parts currently operate, except that they would entertain claims only where the claimant is a corporation, partnership or association.” (1987 McKinney’s Session Laws of NY, at 2840.) The Memorandum from the Governor states that the Commercial Claims Part would be a "small claims part for corporations and other businesses and enables them to appear through an authorized officer” (1987 McKinney’s Session Laws of NY, at 2710).
UDCA 1801-A provides in part that "[t]he term 'commercial claim’ or 'commercial claims’ as used in this act shall mean and include any cause of action for money only not in excess of the maximum amount permitted for a small claim in the small claims part of the court * * * provided that subject to the limitations contained in the section eighteen hundred nine-A of this article, the claimant is a corporation, partnership or association” (emphasis added). David Siegel in General Practice Commentary on "Commercial” Small Claims Article states that "[u]nder the definition contained in [section] 1801-A, a claim is 'commercial’ not based on its subject matter, but merely because the claimant is a corporation, partnership or association * * * The claim itself apparently need not be 'commercial’ in nature * * * [a]s long as the claimant is [a corporation, partnership or association-author] * * * Certain assignees may also bring the claim, as provided in [section] 1809-A.” (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, UDCA 1801-A, at 597.)
UDCA 1809-A (a) stated, inter alia, that "[a]ny corporation * * * and an assignee of any commercial claim may institute an action or proceeding under this article” (emphasis added). *172 In short, the Commercial Small Claims Part is for the use of claimants who possess a cause of action for money only not in excess of $2,000 and who are corporations, partnerships or associations. UDCA 1809-A (a), as applicable to this case, limits action or proceedings under the article to an "assignee of [a] commercial claim.” And, a "commercial claim” is defined in section 1801-A as the claimant who is a corporation, partnership or association.
CONCLUSION
In the instant case, the claim of Stephen Rahilly against defendant for the sum of $565.12 is not a commercial claim because the claimant (Rahilly) was not a corporation, partnership or an association as required by UDCA 1801-A. Therefore, plaintiff was not an "assignee of a commercial claim” because it was the assignee of Rahilly’s claim. Since the plaintiff is not an assignee of a commercial claim, UDCA 1809-A limits this court’s jurisdiction to hear this action and deprives the court of subject matter jurisdiction over this type of action. In other words, if Rahilly sued defendant for the sum of $565.12, he would sue defendant not in the Commercial Small Claims Part but rather in the Small Claims Part of the District Court.
Accordingly, this action is dismissed without prejudice to plaintiff commencing an action in the proper forum (the court does note UDCA 1805-A [b]) for lack of subject matter jurisdiction and the court does not reach the merits of the parties’ contentions. Costs and disbursements are awarded to defendant.