**MUDGE ROSE GUTHRIE ALEXANDER & FERDON, Plaintiff,**

v.

**Ronald W. PICKETT, et al., Defendants.**

No. 97 Civ. 7032(LAK).

United States District Court, S.D. New York.

July 13, 1998.

Bennett Ellenbogen, Anderson Kill & Olick, P.C., New York City, for Plaintiff.

John Linsenmeyer, M. Breeze McMennamin, Morgan, Lewis & Bockius, New York City, for Defendants Ronald W. Pickett, F & E Resource Systems Technology, Inc. and WasteMasters, Inc.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This motion presents the novel question as to the citizenship of a New York limited liability partnership for purposes of federal diversity jurisdiction.

### Facts

Plaintiff Mudge Rose Guthrie Alexander & Ferdon ("Mudge") is a New York limited liability partnership ("LLP") and formerly a major New York law firm. It was organized as a general partnership and became a limited liability partnership on June 30, 1995. On October 2, 1995, the firm elected to cease operations effective December 15, 1995 and appointed a Liquidation Committee to wind up its affairs. All of its limited liability members resigned from the firm as of December 15, 1995.

On September 18, 1997, Mudge commenced this action to recover damages for alleged non-payment of legal fees. The defendants all are citizens of Maryland and, in one case, also of Georgia. Apart from a conclusory allegation that diversity of citizenship exists, the complaint contains no allegations as to the plaintiff's citizenship save that it asserts that Mudge is a New York LLP and maintains its principal place of business in New York.

Certain of the defendants have moved to dismiss the action for lack of subject matter jurisdiction. They contend that the complaint does not adequately allege the requisite complete diversity of citizenship. In any case, they maintain, certain of Mudge's members, or partners, at the time of its purported dissolution were citizens of Maryland (a fact not disputed by Mudge) and that complete diversity therefore in fact does not exist.

### Discussion

Section 1332(a) of the Judicial Code confers subject matter jurisdiction on the district courts on the basis of diversity of citizenship, insofar as is relevant here, in suits involving the requisite amount in controversy "between ... citizens of different

states...."[1] The statute provides that a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business.[2] The statute is silent as to the citizenship of partnerships and other such organizations, but it long has been established that partnerships, joint ventures, joint stock companies, voluntary associations and other such entities are not citizens at all and therefore must be regarded as citizens of every state of which any of its partners or members is a citizen.[3] In *Carden v. Arkoma Associates*,[4] the Supreme Court extended the rule to limited partnerships, thus making these entities citizens of every state of which any of their limited partners is a citizen notwithstanding the fact that limited partners have no role in management of and virtually no liability for the debts of the partnership.

■ An LLP is not a corporation so the express terms of the statute do not explicitly control the outcome of this motion. Moreover, the proper characterization of such an entity presents a federal question, so its characterization by state law is not dispositive.[5] Nevertheless, there are substantial bases for concluding that an LLP is not a citizen and that it therefore must be treated for diversity purposes as a citizen of every state of which any of its members is a citizen.

■ To begin with, *Carden* makes clear the Supreme Court's view that the determination as to which of the variety of forms of business organizations created by generations of lawyers and legislatures are to be regarded as citizens for diversity purposes is a "question[ ] more readily resolved by legislative prescription that by legal reasoning" and that the matter is one for decision by Congress.[6] Mudge's contention that an LLP

is more similar to a corporation than to a limited partnership, even if it were correct in the relevant sense, thus is entirely beside the point. The Court has made clear that it is for Congress to make that judgment, not the courts.

Assuming *arguendo* that it were appropriate for this Court to embark on the analysis Mudge urges, defendants have the better of the argument for several reasons.

First, while the determination whether a business association is a citizen within the meaning of Section 1332 is a federal question, the characterization of the organization under state law does not support Mudge. The New York Partnership Law expressly defines "partnership" to include LLPs and defines an LLP as "a partnership."[7] Thus, the explicit language of the statute creating this new form of business organization, to whatever extent it is relevant to the determination of the federal issue, indicates that Mudge should be characterized as a partnership for diversity of citizenship purposes.

Second, Mudge's contention that New York LLPs are more similar to corporations than to limited partnerships does not sweep the boards. Mudge points to Section 26 of the Partnership Law, which provides that "no partner [of an LLP] is liable or accountable, directly or indirectly ... for any debts, obligations or liabilities of, or chargeable to, the [LLP] or each other ... which are incurred, created or assumed by such partnership...."[8] It relies upon a memorandum of the state Executive Department indicating that this was intended to created a "standard of liability [which] is the same as that accorded to shareholders of a professional corporation...."[9] But the standard of liability by which the actions of members of an LLP are

---

**1.** 28 U.S.C. § 1332(a)(1).

**2.** *Id.* § 1332(c).

**3.** *E.g., Carden v. Arkoma Associates,* 494 U.S. 185, 189, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

**4.** *Id.*

**5.** *Id.* at 195–96; *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 63 n. 5 (1st Cir.), *cert.*

*denied sub nom. Desarrollos Metropolitanos, Inc. v. Taber Partners, I,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993).

**6.** 494 U.S. at 197, 110 S.Ct. 1015.

**7.** N.Y. PARTNERSHIP L. §§ 2, 10 (McKinney Supp. 1998).

**8.** *Id.* § 26(b).

**9.** 1994 N.Y.L. at 2766.

to be measured has little bearing on the proper characterization of the organization for diversity purposes. Indeed, limited partners, in close if imperfect parallel to members of LLPs, ordinarily are not liable for the debts of the organization.[10] Thus, to the extent that state law standards of liability bear on the issue, the relative similarity of the situations of limited partners and LLP members suggests a close analogy between limited partnerships and LLPs.

Finally, the only reported case concerning the status of LLPs that has come to the Court's attention concluded that LLPs are to be treated as citizens of every state of which any of their partners is a citizen.[11]

▋ Having concluded that Mudge is a citizen of every state of which any of its members is a citizen, there remains the issue as to the effect of the purported dissolution and resignation of its members. The question need not detain us long. Under New York law, an LLP is a partnership, albeit one in which the partners in most circumstances have limited liability.[12] In *Schiavone Construction Co v. City of New York*,[13] our Court of Appeals held that the dissolution of a partnership, under New Jersey law, does not terminate its existence before the partnership affairs are entirely wound up and that the court in determining whether diversity exists therefore must consider the citizenship of all partners who were members at the time of dissolution regardless of their later formal affiliation with the entity. While the impact of the dissolution of Mudge is governed by New York law, the rule is the same here. In *In re C–TC 9th Avenue Partnership*,[14] the Second Circuit held that a dissolved New York partnership continues to exist until the winding up of its affairs are completed.[15] Both states, moreover, have enacted the Uniform Partnership Law, and Sections 60, 61, and 64 through 68 of the New York act are substantially identical to the provisions of the New Jersey statute relied upon by the Court of Appeals in *Schiavone*.[16]

Here, Mudge plainly has not completed the winding up of its affairs. This action, in fact, has been commenced in furtherance of that goal. The partnership therefore continues to exist and is a citizen of every state of which any of its partners was a citizen at the time this action was commenced.[17] Mudge has failed to plead or prove that all of its partners were citizens of states other than Maryland and Georgia at that time. Indeed, it is undisputed that two of its partners were citizens of Maryland. The purported resignation of those and other partners as of December 15, 1995 could not eliminate their liabilities to third parties.[18] Hence, whatever

---

**10.** N.Y. PARTNERSHIP L. § 96. The distinction lies in the fact that a limited partner may be held liable as a general partner if he or she "takes part in the control of the business" and thus gives up the limited role. *Id.*

**11.** *Reisman v. KPMG Peat Marwick LLP,* 965 F.Supp. 165, 176 (D.Mass.1997).

**12.** Bruce A. Rich, *Practice Commentaries,* 38 McKinney's Consol. L. of N.Y., 1998 Supp. at 112 ("The statute clearly enunciates that a general partnership that is registered as a RLLP is for all purposes the same entity that existed before registration and continues to be a general partnership under the laws of New York."); *see* N.Y. PARTNERSHIP L. §§ 121–1500(a), 121–1500(b), 121–1500(h), 121–1500(*l*), 121–1500(q) (McKinney Supp.1998).

**13.** 99 F.3d 546 (2d Cir.1996).

**14.** 113 F.3d 1304 (2d Cir.1997).

**15.** *Id.* at 1308. *Accord,* N.Y. PARTNERSHIP L. § 61.

**16.** *Id.* at 549.

**17.** *E.g., Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770 (5th Cir.1986).

**18.** N.Y. PARTNERSHIP L. § 67. *Accord, e.g., Detrio v. United States,* 264 F.2d 658, 660 (5th Cir.1959) (New York law); *Reed v. Pelley,* 112 Misc.2d 382, 382, 447 N.Y.S.2d 98, 99 (N.Y.Sup.1982); *Rubin v. A.C. Kluger & Co.,* 86 M.2d 1014, 1017, 383 N.Y.S.2d 828, 830 (1976); *Patrikes v. J.C.H. Serv. Stations,* 180 Misc. 917, 925, 41 N.Y.S.2d 158, 168 (1943), *aff'd,* 180 Misc. 927, 46 N.Y.S.2d 233 (1943), *leave to appeal denied,* 266 App.Div. 924, 44 N.Y.S.2d 472 (1943); *see Keogh v. Breed, Abbott & Morgan,* 224 A.D.2d 180, 637 N.Y.S.2d 124 (1st Dept.), *leave to appeal denied,* 88 N.Y.2d 801, 644 N.Y.S.2d 688, 667 N.E.2d 338 (1996); *Pastor v. State Tax Comm.,* 115 A.D.2d 144, 495 N.Y.S.2d 515 (1985).

Partners of an LLP, contrary to Mudge's suggestion, are not completely protected from liability to third party creditors of the partnership. The limitation of liability they enjoy, first of all, protects them only against liabilities of the firm

their effect as to the partners *inter se,* they remained members of the firm as to preexisting matters.[19]  Accordingly, complete diversity of citizenship was lacking when the action began.

### Conclusion

For the foregoing reasons, the motion to dismiss the action for lack of subject matter jurisdiction is granted.

SO ORDERED.

"which are incurred, created or assumed by such partnership while such partnership is" an LLP. N.Y. PARTNERSHIP L. § 26(b) (McKinney Supp. 1998).  They remain liable for any obligations incurred prior to the registration of the partnership as an LLP.  Second, partners of an LLP are personally liable for malpractice committed by them or those under their supervision.  *Id.*

§ 26(c).  Third, partners of an LLP remain liable in their capacity as partners for liabilities of the firm to the extent agreed by at least a majority of the partners.  *Id.* § 26(d).

19.  *Schiavone,* 99 F.3d at 549–50;  *see, e.g., Rubin,* 86 Misc. 2d at 1017, 383 N.Y.S.2d at 830.