OPINION OF THE COURT
Philip S. Straniere, J.
Claimant, Institute of Physical Medicine and Rehabilitation, LLP, commenced this small claims action against the defendant, Country-Wide Insurance Co., seeking to be compensated for services rendered to several insureds of the defendant. A trial was scheduled to be heard on September 14, 2002. At that time the defendant moved in both cases for dismissal of each action on the grounds that the court lacked subject matter jurisdiction to decide the issues of the case. Claimant appeared without an attorney. Defendant was represented by counsel. The matter was marked submitted with the parties being given the opportunity to submit opposition and reply papers.
*804 Defendant contends that the claimant is prohibited from commencing this action in the Small Claims Part, commercial division, because CCA 1809 prohibits a corporation which is an assignee from instituting such an action. CCA 1809 (1) provides: “No corporation, * * * no partnership, or association and no assignee of any small claim shall institute an action or proceeding under this article [referring to article 18 ‘Small Claims’], nor shall this article apply to any claim or cause of action brought by an insurer in its own name or in the name of its insured whether before or after payment of the insured on the policy.”
Defendant further asserts that even though article 18-A establishes a “[C]ommercial [Cjlaims” Part for Small Claims Court, the claimant cannot “bootstrap” into the Commercial Part a claim that was barred initially in the Small Claims Part. A “commercial claim” is defined as meaning “any cause of action for money only not in excess of the maximum amount permitted for a small claim in the small claims part * * * , provided that subject to the limitations contained in section eighteen hundred nine-A of this article, the claimant is a * * * partnership * * * .” (CCA 1801-A [a].) On their face each of the actions would fit the definition of a “commercial claim.” The amount in controversy is $3,000 or less and the claimant is a partnership, albeit a limited liability partnership. A limited liability partnership formed pursuant to Partnership Law article 8-B, Registered Limited Liability Partnerships, can sue and be sued as if it were a partnership formed pursuant to the general provisions of the partnership law except for the limitation on the liability of the individual partners as provided in Partnership Law § 26. Under New York law a limited liability partnership is a partnership even though the partners have limited liability (Mudge Rose Guthrie Alexander & Ferdon v Pickett, 11 F Supp 2d 449 [1998]).
The exception of CCA 1801-A refers to CCA 1809-A which states: “(a) Any corporation, * * * partnership, or association, * * * and an assignee of any commercial claim may institute an action or proceeding under this article, (b) No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, * * * shall * * * take an assignment of * * * any claim or demand, with the intent of bringing an action or proceeding thereon under this article.” This section prohibits a partnership from taking an assignment of a claim solely for the purpose of bringing an action. This does not apply to the facts of this case. Claimant has not *805 accepted an assignment for the purpose of bringing litigation. Claimant allegedly performed physical medicine and rehabilitation services for an insured of the defendant and was not paid by the insured. Thereafter claimant commenced this action in order to be paid. However, the underlying basis of this cause of action is not a “commercial claim.” The several persons from whom the claimant obtained the assignments of claim were individuals and not a corporation, partnership or association. Therefore the claimant is barred from bringing these actions in the Commercial Part (Dunrite Auto Body & Motors v Liberty Mut. Ins. Co., 160 Misc 2d 168 [Dist Ct, Suffolk County 1993]).
As David Siegel opined in his Commentary to Uniform District Court Act § 1801-A, the equivalent section in the Uniform District Court Act, “a claim is ‘commercial’ not based on its subject matter, but merely because the claimant is a * * * partnership * * * The claim itself need not be ‘commercial’ in nature * * * Certain assignees may also bring the claim, as provided in § 1809-A.” (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, UDCA 1801-A, at 597.) Since the assignees of the insurance claims were individuals and not corporations or other covered entity, the claimant, although a limited liability partnership, cannot utilize this part of the Civil Court.
The claimant is not precluded from seeking relief in Civil Court. CCA 1805-A provides “(b) The court shall have the power to transfer any commercial claim or claims to any other part of the court upon such terms as the rules may provide, and proceed to hear the same according to the usual practice and procedure applicable to other parts of the court.” These matters will be transferred to the regular Civil Court day calendar to proceed in conformity with the rules of that part.
Defendant’s motion is granted to the following extent: Both of claimant’s actions are to be transferred to the regular civil calendar. They are to be consolidated into one single action with one index number. Payment of the fee for an index is waived. Claimant will have to purchase a calendar number at the appropriate time after discovery is completed. Claimant is advised to check the rules of the court and the CPLR and Partnership Law to see if as an LLP it is required to be represented by counsel in this proceeding.