Jonathan M. COHEN, Plaintiff,

v.

Eric C. KURTZMAN, et al., Defendants.

No. Civ.A. 98–2828 (AJL).

United States District Court, D. New Jersey.

Jan. 11, 1999.

Geoffrey D. Eberle, Hillsdale, NJ, for plaintiff.

Thomas J. Herten, Anthony R. Suarez, Herten, Burnstein, Sheridan, Cevasco,

Bottinelli & Litt, LLC, Hackensack, NJ, for defendants.

## OPINION

LECHNER, District Judge.

This is an action brought by the plaintiff, Jonathan M. Cohen ("Cohen"), against the defendants, Eric C. Kurtzman ("Kurtzman"), Kurtzman Cohen Matera and Gurock, a New York sole-proprietorship ("KCMG–NY") and predecessor to the law firm of Kurtzman Resnik Matera & Gurock, LLP, a New York limited liability partnership ("KRMG–NY") (collectively, the "Defendants"). In a complaint filed on 16 June 1998, (the "Complaint"), Cohen alleges, *inter alia,* KCMG–NY, KRMG–NY and Kurtzman breached partnership and employment agreements with Cohen, breached their fiduciary duty, wrongfully converted partnership assets and wrongfully withheld employee earnings. *See* Complaint at ¶ 1. Jurisdiction is premised upon 28 U.S.C. § 1332(a)(1) ("Section 1332(a)(1)") because Cohen asserts "there exists complete diversity of citizenship be-

tween the plaintiff and all defendants, and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,-000.00) exclusive of interest and costs." *See* Complaint at ¶ 2.

Currently pending is the motion of the Defendants to dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)"), for lack of subject matter jurisdiction (the "Motion to Dismiss"). Also pending is the motion of the Defendants for sanctions, pursuant to Fed.R.Civ.P. 11 ("Rule 11") (the "Motion for Sanctions").[1]

For the reasons set forth below, the Motion to Dismiss is granted; the Motion for Sanctions is granted.

*Background*

A. *Facts*

KRMG–NY is a law practice which presently maintains offices in Rockland County, New York. Kurtzman, along with Kenneth Resnik ("Resnik"), Rosemarie Matera ("Matera"), Howard Gurock ("Gurock"), are partners of KRMG–NY.[2] *See* Kurtz-

---

1. In support of the Motion to Dismiss, the Defendants submitted: Notice of Motion to Dismiss Pursuant to R. 12(b)(1); Affidavit of Eric C. Kurtzman in Support of Motion to Dismiss (the "Kurtzman R. 12(b)(1) Aff."), attaching as exhibits the "Business Certificate for Partners" and the "Certificate of Registration"; Affidavit of Rosemarie E. Matera in Support of the Motion to Dismiss (the "Matera R. 12(b)(1) Aff."); Memorandum of Law in Support of Defendants' Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "Rule 12(b)(1) Moving Brief"); Memorandum of Law on Behalf of Defendants' [sic] in Reply to Plaintiff's Opposition to Defendants' Rule 12 Motion to Dismiss (the "Rule 12(b)(1) Reply Brief"), attaching Exhibits A and B; Reply Affidavit of Eric C. Kurtzman (the "Kurtzman R. 12(b)(1) Reply Aff."), attaching Affidavit of Alan Feldstein (the "Feldstein R. 12(b)(1) Aff.")

 In opposition to the Motion to Dismiss, Cohen submitted: Affidavit of Jonathan M. Cohen in Opposition to Rule 12 Motion to Dismiss (the "Cohen R. 12(b)(1) Aff."), attaching Exhibits A and B; Declaration of Geoffrey D. Eberle in Opposition to Rule 12 Motion to Dismiss (the "Eberle R. 12(b)(1) Decl."), attaching Exhibits A through E; Memorandum

of Law of Plaintiff in Opposition to Defendants' Rule 12 Motion to Dismiss (the "Rule 12(b)(1) Opposition Brief").

In support of the Motion for Sanctions, the Defendants submitted: Notice of Motion for Rule 11 Sanctions; Defendants' Memorandum of Law in Support of Defendants' Rule 11 Motion (the "Sanctions Moving Brief"); Affidavit of Eric C. Kurtzman in Support of Motion for Sanctions (the "Kurtzman Sanctions Aff."); Affidavit of Rosemarie E. Matera in Support of Motion for Sanctions (the "Matera Sanctions Aff."); Affidavit of Howard M. Gurock in Support of Motion for Sanctions (the "Gurock Sanctions Aff."); Memorandum of Law on Behalf of Defendants' [sic] in Reply to Plaintiff's Opposition to Defendants' Rule 11 Motion (the "Sanctions Reply Brief"), attaching Exhibits A through C.

In opposition to the Motion for Sanctions, Cohen submitted: Declaration of Geoffrey D. Eberle in Opposition to Motion for Sanctions (the "Eberle Sanctions Decl."); Memorandum of Law on Behalf of Plaintiff in Opposition to Motion for Sanctions (the "Sanctions Opposition Brief").

2. Resnik, Matera and Gurock are not named individually as Defendants in the Complaint.

man R. 12(b)(1) Aff. at ¶ 2. Kurtzman, Cohen, Matera and Gurock originally were engaged in the practice of law under the predecessor firm, KCMG–NY. *See id.* KCMG–NY was a sole proprietorship, of which Kurtzman was the sole proprietor. *See* Kurtzman R. 12(b)(1) Reply Aff. at ¶ 2. The offices of KCMG–NY also were located in Rockland County, New York. *See* Complaint at ¶ 8.

Upon the departure of Cohen in November 1997, it appears KCMG–NY continued to practice law as a limited liability partnership under the name "Kurtzman Resnik Matera & Gurock, LLP." *See* Kurtzman R. 12(b)(1) Aff. at ¶ 2; Kurtzman R. 12(b)(1) Reply Aff. at ¶ 3. On 1 December 1997, KRMG–NY assumed the assets and liabilities of KCMG–NY. *See* Complaint at ¶ 15; *see also* Feldstein 12(b)(1) Aff.

On 13 November 1997, KRMG–NY filed the Business Certificate for Partners with the Office of the Clerk of the County of Rockland. *See* Business Certificate for Partners; Kurtzman R. 12(b)(1) Aff. at ¶ 3. On 14 November 1997, KRMG–NY filed a Certificate of Registration with the Secretary of State of the State of New York. *See* Certificate of Registration; Kurtzman R. 12(b)(1) Aff. at ¶ 4.[3]

The Certificate of Registration states, in relevant part:

*[t]he name of the registered limited liability partnership is: Kurtzman, Resnik, Matera & Gurock, LLP ....* The

As discussed below, the allegations in the Complaint are directed at KCMG–NY, KRMG–NY and Kurtzman.

**3.** The Certificate of Registration was filed pursuant to § 121–1500(a) ("Section 121–1500(a)") of the New York Partnership Law. *See* Certificate of Registration. Section 121–1500(a) provides, in pertinent part:

*Registered limited liability partnership* (a) Notwithstanding the education law or any other provision of law, (i) a partnership without limited partners each of whose partners is a professional authorized by law to render a professional service within this state and who is or has been engaged in the practice of such profession in such partner-

profession to be practiced by the partnership is the practice of law. The partnership is eligible to register as a registered limited liability partnership, pursuant to Section 121–1500(a) of the New York Revised Limited Partnership Act. The Secretary of State is designated as the agent of the partnership upon whom process against the partnership may be served.... *The Partnership hereby is filing a registration for status as a registered limited liability partnership.*

Certificate of Registration (emphasis added); *see also* Kurtzman R. 12(b)(1) Aff. at ¶ 4.

The Business Certificate for Partners also evidences the partnership status of KRMG–NY: "The undersigned [Kurtzman, Resnik, Matera and Gurock] do hereby certify that they are conducting or transacting business as members of a partnership under the name or designation of Kurtzman, Resnik, Matera and Gurock....". Business Certificate for Partners.

Additionally, an endorsement (the "Change Endorsement") was added to the professional liability insurance policy of KRMG–NY. *See* Kurtzman R. 12(b)(1) Reply Aff. at ¶ 5; Change Endorsement, attached as Exhibit A to Kurtzman Reply R. 12(b)(1) Reply Aff. The Change Endorsement, dated 27 January 1998, reads, in pertinent part:

ship or a predecessor entity, or will engage in the practice of such profession in the registered limited liability partnership within thirty days of the date of the effectiveness of the registration provided for in this subdivision or a partnership without limited partners each of whose partners is a professional, at least one of whom is authorized by law to render a professional service within this state and who is or has been engaged in the practice of such profession in such partnership or a predecessor entity, or will engage in the practice of such profession in the registered limited liability partnership within thirty days of the date of the effectiveness of the registration provided for in this subdivision....

N.Y. Partnership L. § 121–1500.

THIS ENDORSEMENT CHANGES THE [LIABILITY INSURANCE] POLICY. PLEASE READ IT CAREFULLY. In consideration of the return premium it is hereby agreed that: ... Item 1 of the Declarations page Named Insured is amended to read: Kurtzman, Resnik, Matera & Gurock, LLP.... Item 3 of the Declarations page Form of the New Insured's Business is amended to Partnership.

*See* Change Endorsement. The Certificate of Registration, the Business Certificate for Partners and the Change Endorsement, all submitted by the Defendants, indicate KRMG–NY is a New York Limited Liability Partnership.

In the Complaint, Cohen alleges KRMG–NY is "organized and existing as a partnership and/or other unincorporated entity of the State of New York." *See* Complaint at ¶ 12; *see also id.* at ¶ 11 ("KRMG[–NY] was and is organized and existing as a general partnership of the State of New York....."). Cohen also alleges Kurtzman is a general partner and the managing partner of KRMG–NY. *See id.* at ¶¶ 16, 17.[4] Cohen further alleges "on or about December 1, 1997 defendant KRMG–NY assumed, obtained and/or otherwise acquired assets and liabilities of defendant KCMG–NY."

*Id.* at ¶ 15.

It appears from the Complaint Cohen resides in New Jersey. *See* Complaint at ¶ 4. It appears from the Business Certificate for Partners, Kurtzman, Resnik and Gurock all reside in New York, while Matera resides in Bergen County, New Jersey. *See* Business Certificate for Partners; Kurtzman R. 12(b)(1) Aff. at ¶ 3; Matera R. 12(b)(1) Aff. at ¶ 3.

According to Matera, Cohen was personally aware she resides in New Jersey. *See* Matera R. 12(b)(1) Aff. at ¶ 4. She specifically alleges Cohen picked her up at her home in Bergen County, New Jersey at the start of a business trip before he left KCMG–NY. *See id.* Matera states she and Cohen had "countless discussions concerning the owning of a home in Bergen County New Jersey [sic]." *Id.* Matera also states Cohen knew of her intention to remain in New Jersey, and even referred her name to a real estate agent whose territory encompasses Bergen County. *Id.* at ¶ 5.

**B. *Procedural History***

As mentioned, Cohen filed the Complaint on 16 June 1998. *See* Complaint. On 14 July 1998, the Defendants requested, and were granted, an extension of time in which to answer the Complaint. By letter, dated 20 July 1998, (the "20 July 1998 Letter") the Defendants placed Cohen on notice of the jurisdictional deficiencies of the Complaint. *See* 20 July 1998 Letter, attached as Exhibit B to Eberle R. 12(b)(1) Decl. The 20 July 1998 Letter also alerted Cohen of the intention of the Defendants to move for sanctions pursuant to Rule 11 if Cohen did not withdraw the Complaint. *See id.* Cohen responded in a letter, dated 23 July 1998, (the "23 July 1998 Letter") asserting, *inter alia,* his belief that the partnership status of KRMG–NY is a "sham" and requesting further discovery on the issue. *See* 23 July 1998 Letter at 2.

The Defendants filed the Motion to Dismiss on 9 September 1998. On the same date, the Defendants filed the Motion for Sanctions.

4. Cohen mistakenly categorizes KRMG–NY as a general partnership. As stated, the Certificate of Registration reveals KRMG–NY is a limited liability partnership registered pursuant to Section 121–1500 of the New York Partnership Law. It also appears Kurtzman, Resnik, Matera and Gurock are all general partners of the partnership, each of whom signed his or her name to the Business Certificate for Partners. *See* Business Certificate for Partners; *see also* N.Y. Partnership L. § 121–1500 (registered limited liability partnership is a partnership "without limited partners").

*Discussion*

## A. Standard of Review Under Rule 12(b)(1)

A challenge to the subject matter jurisdiction of a Federal court pursuant to Rule 12(b)(1) differs from an attack on the merits under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") or Fed.R.Civ.P. 56 ("Rule 56"). *See Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir.1997); *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir.1991); *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977); *Martinez v. United States Post Office*, 875 F.Supp. 1067, 1070 (D.N.J.1995); *Biase v. Kaplan*, 852 F.Supp. 268, 276 (D.N.J.1994).

Rule 12(b)(1) does not afford a plaintiff all the procedural safeguards provided by Rule 12(b)(6) and Rule 56. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991); *Boyle*, 925 F.2d at 74–75; *Martinez*, 875 F.Supp. at 1070; *Biase*, 852 F.Supp. at 276. Rule 12(b)(1) attacks instead the right of a plaintiff to be heard in Federal court.

There are two types of Rule 12(b)(1) motions, those which "attack the complaint on its face" and those which "attack the existence of subject matter jurisdiction in fact, quite apart from any pleading." *Mortensen*, 549 F.2d at 891; *Martinez*, 875 F.Supp. at 1070; *Biase*, 852 F.Supp. at 276; *Schwartz v. Medicare*, 832 F.Supp. 782, 787 (D.N.J.1993); *Donio v. United States*, 746 F.Supp. 500, 504 (D.N.J.1990). The facial attack offers a safeguard to the plaintiff similar to that of a Rule 12(b)(6) motion; the allegations of the complaint are taken as true. *Mortensen*, 549 F.2d at 891; *Martinez*, 875 F.Supp. at 1070.

For a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations of a plaintiff. *See United States ex rel. Dunleavy v. County of Delaware*, 123 F.3d 734, 736 n. 2 (3d Cir.1997); *Gotha v. United States*, 115 F.3d 176, 178 (3d Cir.1997); *Robinson*, 107 F.3d at 1021 (citing *Mortensen*, 549 F.2d at 891); *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280 n. 4 (3d Cir.1993); *Boyle*, 925 F.2d at 74–75; *Martinez*, 875 F.Supp. at 1070. Consideration of a Rule 12(b)(1) jurisdiction-type motion need not be so limited. Conflicting written and oral evidence may be considered and a court may "decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *see County of Delaware*, 123 F.3d at 736 n. 2; *Gotha*, 115 F.3d at 178; *Growth Horizons*, 983 F.2d at 1280 n. 4; *Boyle*, 925 F.2d at 74–75; *Martinez*, 875 F.Supp. at 1070–71; *Biase*, 852 F.Supp. at 277. This type of a Rule 12(b)(1) motion need not be converted into a Rule 56 motion when extra pleading materials are considered. *Robinson*, 107 F.3d at 1021 (citing *Mortensen*, 549 F.2d at 891); *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410 n. 10 (3d Cir.1992); *Williamson*, 645 F.2d at 416; *Martinez*, 875 F.Supp. at 1070; *Biase*, 852 F.Supp. at 277.

Although motions pursuant to Rule 12(b)(1) and Rule 12(b)(6) are distinct, jurisdictional issues oftentimes are intertwined with the merits of a case. " 'Where an attack on jurisdiction implicates the merits of a plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited....' " *Martinez*, 875 F.Supp. at 1071 (quoting *Williamson*, 645 F.2d at 413 n. 6).

Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a[F]ederal cause of action, the proper course of action for the district court (assuming that the plaintiff's [F]ederal claim is not immaterial and made solely for the purpose of obtaining [F]ederal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and to deal with

the objection as a direct attack on the merits of the plaintiff's case. *Williamson,* 645 F.2d at 415 (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). As further explained in *Williamson,* however, "a jurisdictional attack which does not implicate the merits of any [F]ederal cause of action is not bound by [this] . . . standard." 645 F.2d at 415 n. 9.

As discussed below, moreover, a jurisdictional attack pursuant to Rule 12(b)(1) carries with it different burdens than an attack on the merits. "[W]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages,* 926 F.2d at 1409; *see Dayhoff, Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir.), *cert. denied,* 519 U.S. 1028, 117 S.Ct. 583, 136 L.Ed.2d 513 (1996); *Mortensen,* 549 F.2d at 891. Under Rule 12(b)(6), by contrast, the defendant bears the burden of demonstrating the plaintiff has not stated a claim. *Kehr Packages,* 926 F.2d at 1409 (citing *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980)) (contrasting the burdens under Rule 12(b)(1) and Rule 12(b)(6)).

■ The instant Motion to Dismiss challenges the existence of subject matter jurisdiction. As such, the Motion to Dismiss does not address the merits of the case. Accordingly, no presumption of truthfulness attaches to the allegations set forth in the Complaint. *See County of Delaware,* 123 F.3d at 736 n. 2 (3d Cir.1997); *Gotha,* 115 F.3d at 178; *Robinson,* 107 F.3d at 1021 (citing *Mortensen,* 549 F.2d at 891); *Martinez,* 875 F.Supp. at 1070.

B. *Subject Matter Jurisdiction*

■ Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2; *see also Philadelphia Federation of Teachers v. Ridge,* 150 F.3d 319, 323 (3d Cir.1998); *Travelers Ins. Co. v. Obusek,* 72 F.3d 1148, 1153 (3d Cir.1995); *Rice v. United States, Dep't of Alcohol, Tobacco and Firearms,* 68 F.3d 702, 706 (3d Cir.1995); *Presbytery of New Jersey v. Florio,* 40 F.3d 1454, 1462 (3d Cir.1994); *Reich v. Local 30, Int'l Bhd. of Teamsters,* 6 F.3d 978, 981 n. 5 (3d Cir. 1993); *1st Westco Corp. v. Sch. Dist. of Phila.,* 6 F.3d 108, 112–13 (3d Cir.1993) (citing *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969)); *TM Marketing, Inc. v. Art & Antiques Assocs., L.P.,* 803 F.Supp. 994, 996 (D.N.J. 1992) (citing *New Orleans Pub. Serv. Inc. v. Council of New Orleans,* 491 U.S. 350, 359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)). Unless affirmatively demonstrated, a Federal court is presumed to lack subject matter jurisdiction. *See Ridge,* 150 F.3d at 323 (citing *Renne v. Geary,* 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991)); *Presbytery of New Jersey,* 40 F.3d at 1462 (quoting *Renne,* 501 U.S. at 316, 111 S.Ct. 2331 and *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)); *TM Marketing,* 803 F.Supp. at 996.

■ A Federal court has broad power to decide whether it has jurisdiction to hear a case and may make factual findings which are decisive to the issue of jurisdiction. *See Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 905 F.2d 42, 45 (3d Cir.1990); *Williamson,* 645 F.2d at 413; *Martinez,* 875 F.Supp. at 1071; *Biase,* 852 F.Supp. at 277. It must be determined whether jurisdiction exists before proceeding to the merits of a case. *Presbytery of New Jersey,* 40 F.3d at 1461; *Packard v. Provident Nat. Bank,* 994 F.2d 1039, 1049 (3d Cir.), *cert. denied sub nom.,* 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993); *Employers Ins. of Wausau,* 905 F.2d at 45 (citing *Bender,* 475 U.S. at 541, 106 S.Ct. 1326); *TM Marketing,* 803 F.Supp. at 997.

■ As mentioned, the burden of demonstrating the existence of Federal jurisdiction is on the party seeking to invoke it. *See Development Finance Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d

156, 158 (3d Cir.1995); *Kehr Packages,* 926 F.2d at 1409; *Mortensen,* 549 F.2d at 891; *Martinez,* 875 F.Supp. at 1071; *Biase,* 852 F.Supp. at 277. The party seeking to invoke Federal jurisdiction must proffer "affidavits or other competent evidence [indicating] that jurisdiction is proper." *Dayhoff,* 86 F.3d at 1302; *see North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 689 (3d. Cir.), *cert. denied,* 498 U.S. 847, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990).

■ Generally, Federal subject matter jurisdiction rests upon a Constitutional or statutory grant pursuant to 28 U.S.C. § 1331 and diversity pursuant to 28 U.S.C. § 1332(a). *See Erienet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 515 (3d Cir.1998); *Clinton County Comm'rs v. United States Envtl. Protection Agency,* 116 F.3d 1018, 1021 (3d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 687, 139 L.Ed.2d 633 (1998); *Employers Ins. of Wausau,* 905 F.2d at 45; *TM Marketing,* 803 F.Supp. at 997. The Complaint in the instant matter asserts only diversity jurisdiction. *See* Complaint at ¶ 2.

Where diversity jurisdiction is alleged, Section 1332(a)(1) "must be narrowly construed so as not to frustrate the Congressional purpose behind it: to keep the diversity caseload of the [F]ederal courts under some modicum of control." *Packard,* 994 F.2d at 1044–45.

C. *Diversity Jurisdiction Under Section 1332(a)(1)*

■ The Federal courts have original jurisdiction over cases in which complete diversity exists, pursuant to Section 1332(a).[5] *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67–68, 117 S.Ct. 467, 136

L.Ed.2d 437 (1996); *Carden v. Arkoma Assoc.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)); *Development Finance Corp.,* 54 F.3d at 158; *Singh v. Daimler–Benz AG,* 9 F.3d 303, 305 (3d Cir.1993). Complete diversity exists when the parties "on one side of the controversy are citizens of different states from all the parties on the other side." *Northbrook Nat'l Fire Ins. Co. v. Brewer,* 493 U.S. 6, 18 n. 5, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989); *see Caterpillar,* 519 U.S. at 68 & n. 3, 117 S.Ct. 467; *Indianapolis v. Chase Nat'l Bk.,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47, *reh'g denied,* 314 U.S. 714, 62 S.Ct. 355, 356, 86 L.Ed. 569 (1941); *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir.), *cert. dismissed,* 515 U.S. 1184, 116 S.Ct. 32, 132 L.Ed.2d 914 (1995); *Employers Ins. of Wausau,* 905 F.2d at 45; *see also* 28 U.S.C. § 1332(a).

■ A determination by the parties of their alignment cannot confer jurisdiction upon the court. *See Employers Ins. of Wausau,* 905 F.2d at 45; *TM Marketing,* 803 F.Supp. at 1000 n. 12. Although the pleadings are relevant, it is the duty of the court to "look beyond the pleadings and arrange the parties according to their sides." *Employers Ins. of Wausau,* 905 F.2d at 45 (quoting *Dawson v. Columbia Ave. Sav. Fund,* 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713 (1905)); *see TM Marketing,* 803 F.Supp. at 1000 n. 12.

■ In cases in which a corporation is a party, the corporation is deemed a citizen of two states: the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see*

---

5. Section 1332 provides, in relevant part:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
28 U.S.C. § 1332(a).

*United Steelworkers of Am. v. R.H. Boul-igny, Inc.,* 382 U.S. 145, 152, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Mennen Co. v. Atlantic Mut. Ins. Co.,* 147 F.3d 287 (3d Cir.1998); *Hansen,* 48 F.3d at 696; *Murray v. Commercial Union Ins. Co.,* 782 F.2d 432, 433 (3d Cir.1986); *TM Marketing,* 803 F.Supp. at 1000.

■ In contrast, a partnership is deemed to be a citizen of each state in which any one of its partners is domiciled. *Carden,* 494 U.S. at 194–95, 110 S.Ct. 1015; *Great So. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *HB General Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1190 (3d Cir.1996); *Knop v. McMahan,* 872 F.2d 1132, 1137 n. 11 (3d Cir.1989); *TM Marketing,* 803 F.Supp. at 1000. In *Carden,* the Supreme Court reaffirmed this rule when it held diversity determinations cannot be based solely on the citizenship of general partners, but must consider the citizenship of limited partners as well.[6] 494 U.S. at 194–95, 110 S.Ct. 1015.

The two Federal courts which have specifically addressed diversity of limited liability partnerships, moreover, have held a limited liability partnership is a citizen of every state in which one of its partners resides. *See Mudge Rose Guthrie Alexander & Ferdon v. Pickett,* 11 F.Supp.2d 449, 451 (S.D.N.Y.1998); *Reisman v. KPMG Peat Marwick LLP,* 965 F.Supp. 165, 176 (D.Mass.1997) (citing and applying *Carden,* 494 U.S. at 191, 110 S.Ct. 1015). In analyzing diversity, the court in *Pickett* looked to New York Partnership Law. The court observed:

> The New York Partnership Law expressly defines 'partnership' to include [New York limited liability partnerships] and defines a[ ] [New York limited liability partnership] as a 'partnership.' Thus, the explicit language of the statute creating this new form of business organization, to whatever extent it is relevant to the determination of the federal issue, indicates that [the New York limited liability partnership] should be characterized as a partnership for diversity of citizenship purposes.

*Pickett,* 11 F.Supp.2d at 451 & n. 7 (citing N.Y. Partnership L. §§ 2, 10).

■ In the instant case, Cohen alleges complete diversity of citizenship exists. *See* Complaint at ¶¶ 2. Cohen specifically alleges he is a resident of New Jersey. *See id.* at ¶ 4. He alleges *KCMG–NY* is a sole proprietorship organized and existing under the laws of New York, with its principal place of business in New York. *See id.* at ¶¶ 8, 9. Cohen further alleges Kurtzman, the sole proprietor of KCMG–NY, is a resident of New York. *See id.* at ¶¶ 6, 10. The Complaint, however, does not indicate the residency of Matera, Gurock or Resnik, who, along with Kurtzman, are partners of KRMG–NY. *See id.*

The allegations of the Complaint notwithstanding, complete diversity does not exist in this action. The parties do not dispute Cohen is domiciled in New Jersey, while Kurtzman is domiciled in New York.

---

**6.** Before *Carden,* courts were divided as to whether the citizenship of limited partners affected determinations of diversity. *Compare SHR Ltd. Partnership v. Braun,* 888 F.2d 455, 456–58 (6th Cir.1989) (citizenship of limited partners matters for diversity); *F. & H.R. Farman–Farmaian Consult. Eng. Firm v. Harza Eng. Co.,* 882 F.2d 281, 284 (7th Cir.) (same), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 809 (1990); *Weltman v. Silna,* 879 F.2d 425, 427 (8th Cir.1989) (same); *Knop,* 872 F.2d at 1137 n. 11 (3d Cir.) (same); *New York State Teachers Retirement Sys. v. Kalkus,* 764 F.2d 1015, 1018–19 (4th Cir.1985) (same) *with Arkoma Assoc. v.*

*Carden,* 874 F.2d 226, 228–29 (5th Cir.1988) (citizenship of limited partners does not matter), *rev'd,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178, 183–84 (2d Cir.), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56, (1966); *Winn v. Seidman Fin. Servs.,* 726 F.Supp. 170, 171–72 (W.D.Mich. 1989) (same); *Namco, Inc. v. Davidson,* 725 F.Supp. 1148, 1149–53 (D.Kan.1989) (same).

In contrast, courts have not disputed that the citizenship of general partners is attributed to the partnership and affects diversity determinations.

The parties also do not dispute KCMG–NY, the predecessor of KRMG–NY, was a sole proprietorship, with its principal place of business in New York. *See* Kurtzman R. 12(b)(1) Reply Aff. at ¶ 2; Rule 12(b)(1) Reply Brief at 4. The present dispute concerns the characterization of KRMG–NY, which, as discussed below, implicates the "complete diversity" analysis.

In opposition to the Motion to Dismiss, Cohen argues the "Partnership Registration is a sham and part of a fraud now being perpetrated upon this Honorable Court, and that in fact and substance defendant KRMG–NY is a sole proprietorship owned by Mr. Kurtzman." Rule 12(b)(1) Opposition Brief at 8. In this regard, Cohen states:

> [S]upporting my belief that defendant KRMG–NY is a sole proprietorship of the State of New York, and is not the limited liability partnership as alleged by defendants, ... *is the fact that Mr. Kurtzman in his New York law operations has a history of forming and operating his law practice as a sole proprietorship in substance and in fact, but then marketing and holding his practice out to the public as a law partnership.*

Cohen R. 12(b)(1) Aff. at ¶ 10 (emphasis in original).

■ As stated, a party seeking to invoke Federal jurisdiction must proffer "affidavits or other competent evidence [indicating] that jurisdiction is proper." *Dayhoff,* 86 F.3d, at 1302; *see North Penn Gas Co.,* 897 F.2d at 689. Rule 7.2 of the Local Civil Rules of the District of New Jersey ("Rule 7.2") restricts statements in affidavits to "facts within the personal knowledge of the affiant." L.Civ.R. 7.2(a). Statements which constitute the opinion or belief of the affiant, or matters outside the personal knowledge of the affiant, are not "competent" evidence. *See Resolution Trust Co. v. Fidelity & Deposit Co.,* 1998 U.S. Dist. LEXIS 3431 (D.N.J. 27 Jan. 1998) (citing L.Civ.R. 7.2(a)) (disregarding statements in affidavit which constituted opinion or matters outside personal knowledge); *Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Township,* 996 F.Supp. 409, 443 (D.N.J.1998) (giving "little, if any, credence" to affidavit which was "self-serving," in violation of Rule 7.2(a)); *Dell'Aguila v. Riverbank America,* No. 92–3271 (D.N.J. slip op. filed 16 Apr. 1993) (striking portions of counsel affidavit which were conclusory and did not affirmatively demonstrate personal knowledge of certain testimonial facts).

The Cohen R. 12(b)(1) Affidavit constitutes mainly unsubstantiated conjecture concerning the status of KRMG–NY and Kurtzman. Cohen does not, and it appears he cannot, point to any competent evidence to corroborate his allegations.

The overwhelming evidence proffered by the Defendants, however, firmly establishes KRMG–NY is a New York limited liability partnership. As indicated, the Certificate of Registration, filed with the New York Secretary of State on 14 November 1997, unequivocally states:

> [t]he name of the registered limited liability partnership is: Kurtzman, Resnik, Matera & Gurock, LLP .... The profession to be practiced by the partnership is the practice of law. The partnership is eligible to register as a registered limited liability partnership, pursuant to Section 121–1500(a) of the New York Revised Limited Partnership Act. The Secretary of State is designated as the agent of the partnership upon whom process against the partnership may be served.... *The partnership hereby is filing a registration for status as a registered limited liability partnership.*

*See* Certificate of Registration (emphasis added). Additionally, the Business Certificate for Partners, signed by Kurtzman, Resnik, Matera and Gurock and filed with the Office of the Clerk of the County of Rockland on 13 November 1998, evidences the partnership status of KRMG–NY. *See* Business Certificate for Partners ("The

undersigned do hereby certify that they are conducting or transacting business as members of a partnership under the name designation of Kurtzman, Resnik, Matera & Gurock."). The Certificate of Registration and the Business Certificate for Partners both were filed more than seven months before Cohen filed the Complaint.

It appears, moreover, from the Change Endorsement, effective 1 January 1998, the named insured was amended to read "Kurtzman, Resnik, Matera & Gurock, LLP," and "Item 3 of the Declarations page Form of New Insured's Business is amended to Partnership." *See* Change Endorsement; *see also* Kurtzman R. 12(b)(1) Reply Aff. at ¶ 5.

The statements of Alan Feldstein ("Feldstein"), the accountant to both KCMG–NY and KRMG–NY, are not to the contrary. Significantly, Feldstein states KRMG–NY is a partnership, which, for tax purposes, did not become effective until January 1998. *See* Feldstein R. 12(b)(1) Aff. at ¶¶ 3, 4.

Cohen argues the mere existence of the Certificate of Registration does not, in itself, conclusively establish a partnership. *See* Rule 12(b)(1) Opposition Brief at 9. Cohen cites to the New York Partnership Law as evidence that partnership status does not depend exclusively upon registration as a partnership. Under New York Partnership Law, the definition of "partnership" expressly includes limited liability partnerships. Specifically, New York Partnership Law § 10 ("Section 10") provides: "A partnership is an association of two or more persons to carry on as co-owners a business for profit *and includes for all purposes of the laws of this state, a registered limited liability partnership.*" *See* N.Y. Partnership L. § 10 (emphasis in original); *see also Pickett,* 11 F.Supp.2d at 451 & n. 7 (observing "partnership" under New York Partnership Law § 10 includes limited liability partnerships).

As discussed, the burden of demonstrating the existence of Federal jurisdiction is on the party seeking to invoke it. *See*

*Dayhoff,* 86 F.3d at 1302; *Kehr Packages,* 926 F.2d at 1409; *Mortensen,* 549 F.2d at 891; *Martinez,* 875 F.Supp. at 1071; *Biase,* 852 F.Supp. at 277. Cohen, however, offers no evidence demonstrating Kurtzman, Matera, Gurock or Resnik do not carry on as a limited liability partnership, as defined in Section 10 of the New York Partnership Law.

The Defendants, by contrast, submitted not only the Certificate of Registration and the Business Certificate for Partners, but also the Change Endorsement and the Feldstein Affidavit, all of which demonstrate that KRMG–NY carries on as a partnership. Feldstein expressly bases his determination of limited liability partnership status on a "review of the books and records of KRMG–NY." *See* Feldstein R. 12(b)(1) Aff. at ¶ 3. He also states: "[a]ll of the partners of KRMG–NY ... will receive K–1 statements [for partnership filings] at the end of the tax year 1998." *Id.* at ¶ 6. Accordingly, it appears that for tax purposes as well, KRMG–NY is organized, treated and conducted as a limited liability partnership.

In light of the substantial evidence submitted by the Defendants, and the unsubstantiated allegations of Cohen, the contention of Cohen that further discovery is required before determining the existence of subject matter jurisdiction is unavailing. *See Zuk v. Eastern Pa. Psychiatric Institute,* 103 F.3d 294, 299 (3d Cir.1996) ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action.").

Because KRMG–NY is a limited liability partnership, its citizenship for diversity purposes must be measured by the citizenship of its partners. Even though KRMG–NY is a New York partnership, one of its partners, Matera, is domiciled in New Jersey. *See* Matera R. 12(b)(1) Aff. at ¶¶ 2–3. It appears Cohen is, and was, aware of the residency of Matera and of her intention to

stay in Bergen County. *See id.* at ¶¶ 4–6. Cohen did not proffer any competent evidence indicating otherwise.

Both Cohen and Matera are New Jersey citizens. Consequently, complete diversity is lacking. As stated, further discovery into the partnership status of KRMG–NY is unnecessary. The evidence proffered by the Defendants, namely, the Business Certificate for Partners, the Certificate of Registration, the Change Endorsement, the Feldstein Affidavit and the Matera Affidavit are dispositive of this issue. This action cannot be maintained in Federal court pursuant to the jurisdictional grant in Section 1332(a).

■ Cohen argues even if Matera destroys complete diversity among the parties, he intends to amend the Complaint to delete KRMG–NY as a party defendant so as to maintain subject matter jurisdiction. Cohen argues: "Defendant Kurtzman and defendant KCMG–NY are clearly the target defendants and chief wrongdoers in this case, complete diversity of citizenship exists between plaintiff and these defendants, and it is submitted that complete relief can be obtained in the absence of defendant KRMG–NY." *See* Rule 12(b)(1)

Opposition Brief at 13–14. This argument is without merit because, as Cohen admits, KCMG–NY no longer exists. In the Complaint, Cohen alleges, "on or about December 1, 1997, defendant KRMG–NY assumed, obtained and/or otherwise acquired assets and liabilities of defendant KCMG–NY." Complaint at ¶ 15. Additionally, Feldstein, the accountant for both KCMG–NY and KRMG–NY, states that KCMG–NY folded its assets into KRMG–NY following its dissolution in November 1997. *See* Feldstein R. 12(b)(1) Aff. at ¶ 5.

KRMG–NY, as the successor to KCMG–NY, is indisputably a necessary and indispensable party to the litigation. *See* Fed. R.Civ.P. 19.[7] As Cohen and Feldstein both recognize, it is not possible for Cohen to obtain money damages or an accounting from KCMG–NY, which, as discussed, is no longer in existence. It also appears when KRMG–NY assumed the liabilities and assets of KCMG–NY, KRMG–NY necessarily assumed any partnership agreement or employment contract Cohen had with KCMG–NY. In the absence of KRMG–NY, therefore, it appears complete relief cannot be accorded. *See* Fed.

7. Fed.R.Civ.P. 19 ("Rule 19") governs joinder of necessary and indispensable parties. Rule 19 provides:

 (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) *in the person's absence complete relief cannot be accorded among those already parties,* or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence ·may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....

 (b) Determination by Court Whenever Joinder not Feasible. If a person as de-

scribed in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience .the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: *first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgement, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.*

 (c) Pleading Reasons for Nonjoinder. A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as prescribed in subdivision (a)(1)–(2) hereof who are not joined, and the reasons why they are not joined. Fed.R.Civ.P. 19 (emphasis added).

R.Civ.P. 19(a); *Angst v. Royal Maccabees Life Ins. Co.,* 77 F.3d 701, 705 (3d Cir. 1996).

Cohen cannot escape the complete diversity requirement of Section 1332(a) by amending the Complaint to delete KRMG–NY. The Motion to Dismiss the Complaint is granted.

### D. *Standard for Imposing Sanctions Under Rule 11*

As mentioned, in addition to the Motion to Dismiss, the Defendants also separately filed the Motion for Sanctions against Cohen and his counsel, Geoffrey Eberle, Esq. ("Eberle") pursuant to Rule 11.

 Rule 11 was amended in 1983 to give courts greater authority to impose sanctions in order to discourage wasteful and abusive tactics.[8] *See Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 542, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 157 (3d Cir.1986); *Miller v. Beneficial Mgmt. Corp.,* 844 F.Supp. 990, 1005 (D.N.J.1993). Rule 11 provides another exception to the traditional American rule requiring each litigant to bear its own costs and attorneys' fees. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 504 (3d Cir.), *cert. denied,* 502 U.S. 940, 112 S.Ct.

376, 116 L.Ed.2d 327 (1991); *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 193 (3d Cir.1988); *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 483 (3d Cir. 1987); *Miller,* 844 F.Supp. at 1005. The primary purpose in providing for an award of attorneys' fees, however, is not "wholesale fee shifting but correction of litigation abuse." *Gaiardo,* 835 F.2d at 483; *Quiroga,* 934 F.2d at 504; *Miller,* 844 F.Supp. at 1005.

 Consequently, sanctions are appropriate when the " 'claim or motion is patently unmeritorious or frivolous.' " *Dura Systems, Inc. v. Rothbury Invest., Ltd.,* 886 F.2d 551, 556 (3d Cir.1989) (quoting *Doering,* 857 F.2d at 194), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 844, 107 L.Ed.2d 838 (1990); *see also Landon v. Hunt,* 938 F.2d 450, 452 (3d Cir.1991); *Napier v. Thirty or More Unidentified Fed. Agents,* 855 F.2d 1080, 1091 (3d Cir.1988); *Downey v. United Food & Commercial Workers Union Local 1262,* 946 F.Supp. 1141, 1160 (D.N.J.1996); *Miller,* 844 F.Supp. at 1006; *Princeton Economics Group, Inc. v. AT & T,* 768 F.Supp. 1101, 1116 (D.N.J.1991). Where an abuse of litigation or misuse of the judicial system is found, Rule 11 sanctions are appropriate against the signer of the document, be it the attorney or the party. *Business Guides,* 498 U.S. at 543–46, 111 S.Ct. 922; *Simmerman v. Corino,* 27 F.3d 58, 62 (3d Cir.1994) (citing *Teamsters Local Union No. 430 v. Cement Express, Inc.,* 841 F.2d 66, 68 (3d Cir.), *cert. denied sub nom., Herman Bros., Inc. v.*

---

**8.** Rule 11(b), entitled "Representations to Court" reads, in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Civ.P. 11(b).

*Teamsters Local Union No. 430,* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988)); *Downey,* 946 F.Supp. at 1160.

■ Rule 11 places a duty on the signer of the document to "make an inquiry into both the facts and the law which is reasonable under the circumstances." *Zuk,* 103 F.3d at 299 (quoting Rule 11 Advisory Committee Note); *see Clinton v. Jones,* 520 U.S. 681, 709 n. 42, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (quoting Rule 11(b)(1), (3)) (sanctions appropriate where allegations " 'lack[ ] evidentiary support' or [are] unlikely to prove well grounded after reasonable investigation"); *Bensalem Township v. Int'l Surplus Lines Ins. Co.,* 38 F.3d 1303, 1314 (3d Cir.1994) ("Rule [11] imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing."); *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.,* 999 F.2d 745, 751 (3d Cir.1993) (citing *Business Guides,* 498 U.S. at 543, 111 S.Ct. 922) (same); *Schering Corp. v. Vitarine Pharmaceuticals, Inc.,* 889 F.2d 490, 496 (3d Cir.1989) (same).

■ In deciding a motion for sanctions under Rule 11, a court must apply an objective standard of reasonableness under the circumstances existing at the time the document was submitted. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *reh'g denied,* 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991); *Business Guides,* 498 U.S. at 548, 111 S.Ct. 922; *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 541 (3d Cir.1985); *Downey,* 946 F.Supp. at 1160; *Miller,* 844 F.Supp. at 1006. This is "a more stringent standard than the original good faith formula." *Eavenson,* 775 F.2d at 540; *see Miller,* 844 F.Supp. at 1006. No proof of subjective bad faith is required to levy sanctions. *See Martin v. Brown,* 63 F.3d 1252, 1264 (3d Cir.1995) (citations omitted); *Napier,* 855 F.2d at 1091; *Downey,* 946 F.Supp. at 1160.

"The court must evaluate the signer's conduct 'by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted,' an evaluation which should depend on a variety of factors, including 'whether the pleading, motion, or other paper was based on a plausible view of the law.' " *Dura Systems,* 886 F.2d at 556 (quoting Rule 11 Advisory Committee Note). Under this standard, "[l]itigants misuse the Rule when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment." *Gaiardo,* 835 F.2d at 483; *see Miller,* 844 F.Supp. at 990.

■ Applying these principles to the instant case, it appears the exceptional circumstances warranting the imposition of sanctions are present. The Complaint is signed by Cohen and his counsel, Eberle. The Complaint alleges, *inter alia,* "there exists complete diversity of citizenship between the plaintiff and all defendants...." Complaint at ¶ 2. It appears, however, neither Cohen nor Eberle conducted even a cursory investigation into the status of KRMG–NY as a limited liability partnership. As mentioned, the Certificate of Registration and the Business Certificate for Partners were filed approximately seven months before Cohen filed the Complaint. The partnership status of KRMG–NY would have been easily uncovered had Cohen or Eberle directed an inquiry to the Office of the Clerk of Rockland County or the New York Secretary of State.

It also appears Cohen and Eberle did not conduct an investigation into the domicile of the individual partners. The Business Certificate for Partners includes the names and addresses of each partner of KRMG–NY. *See* Business Certificate for Partners. The address of one of the partners, Matera, is clearly listed as New Jersey. *See id.*

The failure of Cohen and Eberle to review the Business Certificate for Partners notwithstanding, it appears from the Matera Affidavit, Cohen was personally aware Matera resided in New Jersey at the time he filed the Complaint. *See* Matera R.

12(b)(1) Aff. at ¶ 4. Matera states Cohen previously had picked her up at her home in Bergen County, New Jersey, at the start of a business trip, and they had engaged in "countless discussions concerning the owning of a home in Bergen County New Jersey [sic]." *Id.* Matera also states Cohen knew of her intention to remain in New Jersey, and even referred her name to a real estate agent whose territory encompasses Bergen County. *Id.* at ¶ 5.

It appears, moreover, as the Defendants point out, "[Cohen] and his counsel clearly failed to perform even a modicum of legal research into diversity jurisdiction as it relates to the naming of a partnership as a party to an action." *See* Sanctions Moving Brief at 10. As discussed, it is axiomatic that to determine diversity jurisdiction of a partnership, the domicile of each partner must be considered. *See, e.g., Carden,* 494 U.S. at 194–95, 110 S.Ct. 1015; *Jones,* 177 U.S. at 456, 20 S.Ct. 690; *HB General Corp.,* 95 F.3d at 1190; *Knop,* 872 F.2d at 1137 n. 11; *TM Marketing,* 803 F.Supp. at 1000.

Additionally, the Defendants wrote a letter to Cohen immediately following the filing of the Complaint. *See* 20 July 1998 Letter. The 20 July 1998 Letter placed Cohen on notice of the jurisdictional deficiencies of the Complaint and afforded Cohen the chance to withdraw the Complaint before the Defendants moved for sanctions. *See id.* The Defendants also included with their correspondence a copy of the Certificate of Registration.

Cohen chose not to withdraw the Complaint, responding instead by reasserting his belief that KRMG–NY was not a limited liability partnership. *See* 23 July 1998 Letter. In the 23 July 1998 Letter, signed by Eberle, Eberle stated the true status of KRMG–NY could only be evaluated upon further discovery on key factual issues relating to diversity of citizenship. *See id.* In this connection, counsel for Cohen requested the disclosure of income tax returns and K–1 partnership filings,

agreements relating to the formation and operation KRMG–NY and additional depositions. *See id.* It also appears Eberle spoke with defense counsel and urged them to temporarily forego filing the Motion to Dismiss pending further investigation by Cohen and Eberle into the status of KRMG–NY. *See* Eberle Sanctions Decl. at ¶¶ 13, 14.

As mentioned, this Circuit, in construing Advisory Committee Notes to the 1993 amendments to Rule 11, has stated: "[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." *Zuk,* 103 F.3d at 299. "The signature of counsel on a pleading certifies that a reasonable investigation of the facts and a normally competent level of legal research support the presentation." *Lieb,* 788 F.2d at 157. Eberle should have undertaken the investigative efforts urged in the 23 July 1998 Letter before signing and filing the Complaint. *See Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 94 (3d Cir. 1988) (quoting *Lieb,* 788 F.2d at 157) (Rule 11 "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen' ").

Cohen nevertheless argues the Certificate of Registration, in isolation, is not dispositive of partnership status. Cohen contends his prior dealings with Kurtzman and KCMG–NY raised a reasonable question as to whether KRMG–NY operates in substance and in fact as a partnership. *See* Cohen R. 12(b)(1) Aff. The fact remains, however, Cohen failed to undertake a good-faith effort to amass more information relevant to the determination of the status of KRMG–NY before filing the Complaint. Significantly, Cohen did not offer any corroborating evidence indicating KRMG–NY is anything other than a partnership or challenging the validity of the Change Endorsement, the Feldstein Affidavit, the Certificate of Registration or the

438

Business Certificate for Partners, submitted by the Defendants.

As indicated, Rule 11 sanctions are reserved for claims which are made without a reasonable investigation into the law or facts at the time the Complaint was filed. *See Zuk,* 103 F.3d at 299; *Bensalem Township,* 38 F.3d at 1314; *Bradgate Assocs.,* 999 F.2d at 751; *Dura Systems,* 886 F.2d at 556; *Doering,* 857 F.2d at 194. Because the initial investigation of Cohen and Eberle into the partnership status of KRMG–NY and diversity of citizenship was unreasonable, the conduct of Cohen and Eberle fall within that category. In light of the actions of Cohen and Eberle, the Defendants responded properly and were forced to file the instant motions.

Accordingly, the Motion for Sanctions is granted. Cohen and Eberle are liable to the Defendants for reasonable counsel fees and costs incurred in preparing the Motion to Dismiss. The Defendants are directed to submit to Magistrate Judge Dennis M. Cavanaugh a certification and proof of attorneys' fees and costs by the close of business 25 January 1999. Cohen and Eberle may challenge the content of the certification of the Defendants by the close of business 5 February 1999.[9]

*Conclusion*

For the reasons stated, the Motion to Dismiss is granted. The Motion for Sanctions is granted.

---

9. In challenging the certification of the Defendants, Cohen and Eberle may present any "mitigating factors" which should be considered in determining the final amount of the Rule 11 sanction. *See Doering,* 857 F.2d at 195–96. At that time, it may be determined whether the "financial resources of the responsible person[s]" should limit the recovery of the Defendants to less than full reimbursement of reasonable attorneys' fees and costs incurred in conjunction with the Motion to Dismiss. *See* Rule 11 Advisory Committee Notes (1993 Amendments) (factors to consider in imposing monetary sanctions include "what amount, given the financial resources of the responsible person[s], is needed to deter that person from repetition in the same case . . .").

The opportunity of Cohen and Eberle to challenge the content of the certification of the Defendants is not an opportunity to challenge the award of Rule 11 sanctions generally.